**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

CLARA FULLER ET AL                    CASE NO.  5:20-CV-00185

VERSUS                                JUDGE S. MAURICE HICKS, JR.

PETRO-CHEM OPERATING CO INC           MAGISTRATE JUDGE HAYES

<u>REPORT AND RECOMMENDATION</u>

Before the undersigned magistrate judge is a motion for service by U.S. Marshal [doc. # 25] filed by pro se plaintiffs. Pursuant to 28 U.S.C. § 636(b) and Standing Order 3.531, the above-captioned matter has been referred to the undersigned magistrate judge for review, report and recommendation. For reasons that follow, it is recommended that plaintiff's complaint be DISMISSED, without prejudice, for lack of subject matter jurisdiction. It is further ordered that plaintiffs' motion for service by U.S. Marshal [doc. # 25] is DENIED, as moot.

<u>Background</u>

On February 10, 2020, plaintiffs Clara Fuller, Thurman Fuller, George Fuller, Grace Fuller, Elizabeth Fuller-Donell, Patricia Fuller-Dockery, and Louise Fuller-Sawyer jointly filed the instant pro se complaint against defendant, Petro-Chem Operating Co., Inc. ("Petro-Chem"). Plaintiffs allege that Petro-Chem used forged signatures on documents to extract minerals from land on the Grayson Field Smackover Lime Unit located in Columbia County, Arkansas. (Compl.) Plaintiffs further allege that they are heirs from the lineage of Millie Allen-Wheaton's 1/6 percentage of royalty interest, but were deprived of royalty payments as a result of a fraudulent and illegal transaction in 1993-1994, whereby plaintiffs purportedly conveyed their royalty interests to Atlanta Exploration Company for the nominal sum of $10.00. Id. Plaintiffs maintain that they never consented to these illegal transactions. *Id*. Plaintiffs contend that Petro-Chem

engaged in the theft of royalty payments to certain heirs. *Id.* They further allege that Petro-Chem violated their rights under the Fifth and Fourteenth Amendments to the United States Constitution via its complicity in this fraudulent scheme with other oil companies to deprive plaintiffs of their inherited mineral rights. *Id.* [1]

In the original complaint, plaintiffs said they were citizens of Arizona, Kansas, Missouri, and Louisiana. (Compl). The defendant's citizenship was not identified. Because the original complaint did not establish subject matter jurisdiction, the court granted plaintiffs leave of court to amend their complaint by July 31, 2020, to allege a basis for the court's subject matter jurisdiction. [doc. # 27]. On July 27, 2020, plaintiffs filed the amended complaint. [doc. # 38].

### Law and Analysis

Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to entertain the matter.  *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431, 127 S.Ct. 1184, 1191 (2007); *Smith v. Texas Children=s Hospital*, 172 F.3d 923, 925 (5th Cir. 1999) (courts must examine the basis for the exercise of federal subject matter jurisdiction).  This practice ensures that a court without jurisdiction does not end up "prematurely dismissing a case with prejudice."  *In re FEMA Trailer Formaldehyde Products Liab. Litig. (Mississippi Plaintiffs)*, 668 F.3d 281, 286 (5th Cir. 2012) (citation omitted).  Lack of subject matter jurisdiction may be raised at any time.  *Giles v. Nylcare Health Plans, Inc.*, 172 F.3d 332, 336 (5th Cir. 1999).  A court must raise the issue *sua sponte* if it discovers that it lacks subject matter jurisdiction.  *Id.*

---

[1] To the extent the plaintiffs' reference to the Fifth and Fourteenth amendments might be seen as an allegation of Federal Question jurisdiction, the court notes that there is no allegation of a "state actor" as would be required to bring such a claim. The defendant is not a government or state-owned entity. Thus, jurisdiction, if it exists, must be based on diversity of citizenship.

Moreover, it is axiomatic that federal courts are courts of limited jurisdiction. *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). The burden of establishing federal jurisdiction rests with the party invoking the federal forum. *Id.* Indeed, "there is a presumption *against* subject matter jurisdiction that must be rebutted by the party bringing an action to federal court." *Coury v. Prot*, 85 F.3d 244, 248 (5th Cir. 1996) (citation omitted) (emphasis added).

When, as here, jurisdiction depends on citizenship, "citizenship must be '*distinctly* and *affirmatively* alleged.'" *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citation omitted) (emphasis in citing source); *see also*, *Illinois Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir.1983) (the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference); *McGovern v. American Airlines, Inc.*, 511 F.2d 653, 654 (5th Cir. 1975) (e.g., alleging that defendant is incorporated in a state "other than" that of plaintiff is insufficient). This rule requires "strict adherence." *Getty Oil, supra*.

In this case, the plaintiffs have failed to establish diversity jurisdiction. In the June 30, 2020, order, the undersigned pointed out that for diversity cases involving corporations, "allegations of citizenship must set forth the state of incorporation as well as the principal place of business of each corporation." *Getty Oil, Div. Of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 .(5th Cir. 1988). The plaintiffs, however, did not set forth the state of incorporation in the amended complaint. The undersigned also stated, for purposes of establishing plaintiffs' respective citizenships, "domicile" is not synonymous with "residence"; one can reside at one place but be domiciled in another, and one can have more than one residence, but only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48, 109 S. Ct. 1597,

1608 (1989). Nevertheless, in the amended complaint, the plaintiffs did not set forth their respective domiciles.

Moreover, even if plaintiffs corrected the above errors, the plaintiffs have not established there is complete diversity of citizenship.[2] Plaintiffs attempt to create jurisdiction in the amended complaint by claiming plaintiff Elizabeth Donell resided in West Virginia when the suit was filed. But this claim is directly contradicted by the original complaint, in which plaintiffs claim to live in Missouri, Kansas, Arizona, and Louisiana, and by Donell's in forma pauperis application [doc. # 16], in which she used a Monroe, Louisiana address. Given the allegations in the original complaint, plaintiffs have not proved complete diversity.

Where, as here, a party has been permitted an opportunity to amend their pleadings to establish diversity jurisdiction and still fails to do so, dismissal is warranted. *See Patterson v. Patterson*, 808 F.2d 357, 358 (5th Cir. 1986); *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991) ("Failure adequately to allege the basis for diversity jurisdiction mandates dismissal."); Fed.R.Civ.P. 12(h)(3).

Accordingly,

IT IS RECOMMENDED that the instant case be DISMISSED, without prejudice, for lack of subject matter jurisdiction. Fed.R.Civ.P. 12(h)(3).

IT IS ORDERED that plaintiffs' motion for service by U.S. Marshal is DENIED as moot. [doc. # 25].

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and FRCP Rule 72(b), the parties have **fourteen (14) days** from service of this Report and Recommendation to file specific, written

---

[2] The corporate defendant's principal place of business is in Louisiana, making it a Louisiana citizen. Ms. Donell appears to be /a Louisiana citizen, meaning there is not complete diversity of citizenship.

objections with the Clerk of Court.  A party may respond to another party's objections within **fourteen (14) days** after being served with a copy thereof.  A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing.  Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

In Chambers, at Monroe, Louisiana, this 4th day of August 2020.

KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE